# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-cr-00059-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JASON LEE GROSS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Defendant's Motion for Downward Variance [Doc. 47].

The Defendant, through counsel, moves the Court for leave to file a Motion for Downward Variance and letters of support attached thereto [Doc. 45] under seal in this case. For grounds, counsel states that the motion includes sensitive content, as well as references to the Presentence Investigation Report. [Doc. 47].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."

Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Where sealing is allowed, the defendant is still required to file in the public record a redacted sentencing memorandum with only those portions that are allowed to be sealed having been redacted. See id. at 491-92.

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on April 5, 2019, and it has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has recently addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from a sentencing memorandum in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. As for other information a defendant seeks to seal, the Court should consider the materiality of the information to an understanding of the Defendant's case. The more significant the information to any relief the Defendant seeks, the less likely it should be placed in the record under seal. For instance, identities of and information regarding a defendant's family members (particularly minors) are rarely germane to the factors for sentencing and thus would ordinarily be allowed to be redacted. Id. at 492.

Here, portions of the Defendant's Motion contain case material and information of the nature that are under some circumstances sealed and appropriate to be shielded from public access. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). The Motion and letters of support thereto also contain information regarding the Defendant's strong family and community support. However, the Defendant's strong family and community support are central to the argument Defendant makes in favor of a downward variance. Particularly, there is no basis to support a decision to seal the Defendant's letters of support. Therefore, the public's right to know the bases for the actions of this Court outweigh any privacy interest of the Defendant and the other involved persons.

Having considered less drastic alternatives to sealing the Defendant's Motion and letters thereto, the Court concludes that less drastic alternatives to wholesale sealing of the Defendant's Motion and letters thereto are feasible.

Accordingly, the Defendant's Motion to Seal is granted in part and denied in part, and counsel shall be permitted to file the Motion [Doc. 47] under seal. However, the Defendant shall also file a publicly accessible version of the Motion redacting only those portions containing case material and information of the nature that is allowed to be sealed pursuant to this

Order, which are found in the Motion at lines seven, eight, nine, ten, and eleven on page 1, and a single word in line six on page 2.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Defendant's Motion for Downward Variance [Doc. 47] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Defendant's Motion to Seal is **GRANTED** to the extent that the Motion for Downward Variance [Doc. 45] shall be filed under seal and shall remain under seal until further Order of the Court. The Defendant's Motion to Seal [Doc. 47] is **DENIED** to the extent that the Defendant shall file a redacted version of the Motion for Downward Variance on the public docket prior to the sentencing hearing in this matter. Further, if the Defendant intends to rely on the letters of support [Doc. 45-1] in support of his arguments, the Defendant shall file an unredacted version of the letters of support on the public docket prior to the sentencing hearing in this matter.

**IT IS SO ORDERED.**

Signed: April 10, 2019

Martin Reidinger
United States District Judge